IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK E. CRISSINGER, | : | CIVIL ACTION NO.: 3:14-cv-236 |
| PLAINTIFF, | : | |
| v. | : | COMPLAINT |
| THE UNITED STATES OF AMERICA | : | |
| | : | JURY TRIAL DEMANDED |
| DEFENDANTS. | : | |

**COMPLAINT**

    1. Plaintiff Jack Crissinger is an adult individual residing at the VA Home, Post Office Box 319, Hollidaysburg, Pennsylvania 16648.

    2. That UMAMAHESWAR DUVVURI, M.D., HAROLD C. DAVIDSON, M.D., DAVID E. EIBLING, M.D., and AMANDA L. STAPLETON, M.D., are employees of the Department of Veterans Affairs Healthcare System, an agency of Defendant, The United States of America.

    3. The jurisdiction of this court is invoked pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et sec. ("FTCA").

    4. The claim set forth herein was presented to the United States Department of Veterans Affairs more than six months before institution of this action. The United States Department of Veterans Affairs made a final written denial of plaintiff's claim by letter dated May 1, 2014.

**STATEMENT OF THE FACTS**

    5. On or about August 25, 2010, Plaintiff, Jack E. Crissinger presented himself to The VA Pittsburgh Healthcare System, an agency of the United States of America..

    6. The VA Pittsburgh Healthcare System (hereinafter referred to as "VA Pittsburgh") is a non profit corporation incorporated in the Commonwealth of Pennsylvania with offices located at University Drive Campus, University Drive, Pittsburgh, Pennsylvania 15210.

    7. Umamaheswar Duvvuri, M.D., Harold C. Davidson, M.D., David E. Eibling, M.D., and Amanda L. Stapleton, M.D., employees of VA Pittsburgh, an agency of the United States of America were acting within the scope of their employment as employees of Defendant, the United States of America..

8. Plaintiff, Jack Crissinger underwent a right superficial parotidectomy at the VA Pittsburgh, on August 25, 2010. The procedure was performed by Harold Davidson, M.D., Dr. Umamaheswar Duvvuri was the attending surgeon, and David E. Eibling was present only for key portions of the procedure. All acting within the scope of their employment as employees of the United States of America. .

9. Shortly after surgery, Plaintiff began to notice that the left side of his face was drooping and he was having difficulty with his tongue.

10. Plaintiff returned for follow up care on or about September 9, 2010. At that time it was determined that Plaintiff "has a significant weakness of the marginal branch of the right facial. At the time of the surgery, what was thought to be a cervical branch was identified and reanastomosed with 8-0 Prolene. It now appears that this branch may have been the marginal branch due to the persistent weakness."

11. In failing to recognize the marginal branch as opposed to the cervical branch when xcising the Warthin's tumor during the parotidectomy, Defendants have severely affected Plaintiff 's health and well being.

12. The Plaintiff's medical records reveal that there was a miscount on the needles used on him, and apparently that one missing needle was left in Plaintiff's face prior to the surgical closing.

13. The injuries and damages sustained by Plaintiff were the direct and proximate result of the Defendants' conduct as detailed in the paragraphs below.

## COUNT I -NEGLIGENCE
## JACK CRISSINGER V. THE UNITED STATES OF AMERICA

14. Paragraphs 1 through 13 are incorporated herein by reference as though set forth in their entirety.

15. The injuries and damages hereinafter set forth were the direct and proximate result of the negligence and carelessness of the Defendants, their agents, employees and/or servants, in any or all of the following respects:

    a. In failing to properly excise the Warthin's tumor on Plaintiff s right parotid gland;

    b. In failing to properly identify the marginal branch (nerve) when performing the parotidectomy;

    c. In failing to properly identify the cervical branch (nerve) when performing the parotidectomy;

    d. In failing to account for every instrument used during the procedure;

    e. In failing to locate missing instrument prior to closing the surgical incision;

      f. In failing to remove instrument from Plaintiff's face;

      g. In damaging the marginal branch and causing Plaintiff to have nerve damage in the nature of a left side facial droop and paralysis;

      h. In failing to properly report and document in the operative notes the proper steps to be conducted in a parotidectomy;

      i. In violating the standard of care by failing to properly perform a parotidectomy by incompletely understanding the steps of the procedure and the anatomy resulting in knowingly damaging the Plaintiff s facial nerve resulting in facial paralysis;

      j. In violating the standard of care by failing to identify the critical view resulting in misidentification of the marginal branch and cervical branch while conducting the parotidectomy;

      k. In violating the standard of care by failing to secure all surgical instruments resulting in knowingly damaging the Plaintiff s facial nerve resulting in facial paralysis;

      l. In violating the standard of care by failing to thoroughly examine the surgical area and remove the surgical instrument resulting in knowingly damaging the Plaintiff s facial nerve resulting in facial paralysis;

      m. In failing to comply with the standard of care resulting in years of pain and unnecessary procedures including: chronic numbness, facial drooping, nerve damage, multiple visits to physicians and the inability to wear dentures;

      n. In violating the standard of care by failing to provide follow up care to the Plaintiff.

16. Solely, and as the direct and proximate result of the negligence of the Defendants, Plaintiff sustained the following injuries all of which are of a serious and permanent nature:

      a. Damage to the marginal branch facial nerve resulting in permanent facial drooping and paralysis;

      b. Injury to the facial nerve with resultant disfiguration;

      c. Numbness and pain on left side of face;

      d. Inability to wear dentures without pain and discomfort due to paralysis;

      e. Shock and injury to the nerves and nervous system;

     f. Years of chronic pain and/or discomfort;

     g. Other severe and serious injuries.

17. As a result of the aforesaid injuries, Plaintiff sustained the following damages;

     a. Plaintiff has been and may be required to expend monies or to incur various expenses in connection with the providing of medical and surgical attention, hospitalization, medical supplies, surgical appliances, medicines and attendant services;

     b. The Plaintiff suffered and will continue to suffer great pain, suffering, inconvenience, embarrassment and mental anguish;

     c. Plaintiffs general health, strength and vitality have been impaired;

     d. Permanent damage in the nature of facial drooping; and

     e. Plaintiff has suffered loss of the enjoyment of life.

WHEREFORE, Plaintiff, Jack Crissinger, demands judgment against Defendant, The United States of America in excess of $50,000.00, exclusive of costs.

October 31, 2014                         /s/Michael B. Cohen, Esquire
                                                 Michael B. Cohen, Esquire
                                                 PA. ID # 308651

                                                 521 S. Logan Blvd.
                                                 Altoona, PA 16602
                                                 814-201-2448
                                                 814-205-2939

Email: michael@michaelcohenlawoffice.com