IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| JACK E. CRISSINGER, | ) | |
|---|---|---|
| | ) | CIVIL ACTION NO. 3:14-236 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

I. **Introduction**

This matter comes before the Court upon consideration of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction. (ECF No. 7). Defendant asserts that this Court does not have subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA"). For the reasons that follow, and in consideration of the applicable law, the Court finds that Defendant's Motion shall be granted.

II. **Legal Standard**

The party asserting the existence of federal jurisdiction bears the burden of proving that jurisdiction over the subject matter actually exists. *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines*, 673 F.2d 700, 711 n.16 (3d Cir. 1982); *Shepherdson v. Local Union No. 401*, 823 F. Supp. 1245, 1248 (E.D. Pa. 1993). When considering a challenge to a court's jurisdiction under Fed. R. Civ. P. 12(b)(1), a court ordinarily need not limit its

1

inquiry to the facts as pled in the Complaint. *Land v. Dollar*, 330 U.S. 731, 735 (1947). Rather, "[t]he court may inquire by affidavits or otherwise, into the facts as they exist." *Id.* at 735 n.4. Such inquiry is permissible because a federal court must assure itself that it has jurisdiction over the case, and it may even resolve factual disputes in doing so. See *Boyle v. The Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir. 1991) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

### III. Background

#### a. Factual

The following facts are alleged in Plaintiff's Complaint, which the Court accepts as true for the limited purpose of deciding the pending motion.

On or about August 25, 2010, Plaintiff, Jack E. Crissinger, presented himself to the VA Pittsburgh Healthcare System, where he underwent a right superficial parotidectomy. (ECF No. 1 at ¶¶ 5, 8). Shortly after the surgery, Plaintiff began to notice that the left side of his face was drooping and that he was having difficulty with his tongue. (*Id.* at ¶ 9). Plaintiff returned for follow-up care on or about September 9, 2010, where it was determined that he had a significant weakness of the marginal branch of the right facial. (*Id.* at ¶ 10). Plaintiff alleges that in failing to recognize the marginal branch as opposed to the cervical branch when excising the Warthin's tumor during the parotidectomy, Defendants severely affected Plaintiff's health and wellbeing. (*Id.* at 11). Plaintiff further alleges that his medical records reveal that there was a miscount of the needles used on

2

him, and that one missing needle was left in Plaintiff's face prior to the surgical closing. (*Id.* at ¶ 12).

Plaintiff asserts that the injuries and damages sustained by him were the direct and proximate result of the negligence and carelessness of the Defendants, their agents, employees and/or servants. (*Id.* at ¶ 15).

### b. Procedural

On or about August 26, 2012, Plaintiff filed a Writ of Summons in the Blair County Court of Common Pleas at No. 2012-02716 against Defendants Umamaheswar Duvvuri, M.D., Harold C. Davidson, M.D., David E. Eibling, M.D., Amanda L. Stapleton, M.D., and the VA Pittsburgh Healthcare System. (ECF No. 8 at 1).

A state court Complaint was subsequently filed on May 3, 2013. (*Id.*). In the Complaint, Plaintiff asserted a claim for medical malpractice related to a right superficial parotidectomy performed on him at the VA Pittsburgh Healthcare System on or about August 25, 2010. (*Id.*).

Defendants subsequently removed the matter to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. §§ 1442(a)(1) and 1446 on the basis that Defendant, VA Pittsburgh Healthcare System, a division of the United States Department of Veterans Affairs (the "VA"), an agency of the United States of America, was named as a party Defendant in this action. (*Id.*, citing Ex. E). The case was also removed on the basis that individual Defendants Drs. Duvvury and Eibling were acting within the scope of their employment as employees of the United States, and individual

Defendants, Drs. Davidson and Stapleton, were UPMC surgical residents and assigned surgical rotations at the VA Pittsburgh Healthcare System ("VAMC") at all times relevant to the Complaint and were therefore acting within the scope of their employment as employees of the United States. (*Id.* at 1–2).

Defendants subsequently filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction on June 17, 2013, on the basis that Plaintiff had failed to exhaust his administrative remedies, a jurisdictional prerequisite to proceeding under the FTCA. (*Id.* at 2, citing Ex. E). On July 10, 2013, Plaintiff voluntarily dismissed his Complaint and entered into a Stipulation of Dismissal Without Prejudice. (*Id.*, citing Ex. F).

Following the dismissal of Plaintiff's state court Complaint, Plaintiff submitted an administrative tort claim to the Department of Veterans Affairs on November 14, 2013, based upon the injury he had incurred in August of 2010. (*Id.*, citing Ex. G). Plaintiff's administrative tort claim was dismissed by the agency on May 1, 2014, on the basis that the statute of limitations had expired under 28 U.S.C. § 2679. (*Id.*, citing Ex. H). Plaintiff then filed a federal Complaint on October 31, 2014, again asserting a claim for medical malpractice related to a right superficial parotidectomy performed on him at the VA Pittsburgh Healthcare System on or about August 25, 2010. (*Id.*, citing Ex. I).

4

**IV. Analysis**

    a. **Defendant's argument**

Defendant argues that the Court should dismiss Plaintiff's Complaint in its entirety for lack of subject matter jurisdiction. (ECF No. 8 at 2). Defendant asserts that dismissal is warranted because Plaintiff's negligence claims necessarily arise under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* ("FTCA"), and Plaintiff failed to exhaust his administrative remedies, a jurisdictional prerequisite to proceeding under the FTCA. (ECF No. 8 at 2–3).

    b. **Exhaustion of Administrative Remedies**

The Federal Tort Claims Act ("FTCA") is a limited waiver of the sovereign immunity of the United States, providing that:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

*Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) (citing 28 U.S.C. § 2674). If the agency denies the claim or fails to resolve it within six months, the claimant may file an action on his claim in a district court. *Id.* (citing 28 U.S.C. §§2675(a), 2672). District courts have exclusive jurisdiction over suits against the United States brought under the FTCA. *Id.* (citing 28 U.S.C. § 1346(b)).

The FTCA includes a two-year limitations provision stating that "a tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…" *Id.* (citing 28

5

U.S.C. § 2401(b)). Federal law governs the question of when a claim has accrued under the FTCA. *Id.* (citing *Philadelphia Geriatric Ctr.*, 463 F.3d 266, 270 (3d Cir. 2006); *Zeleznik v. United States*, 770 F.2d 20, 22 (3d Cir. 1985)). State-law tolling statutes do not apply to the FTCA's limitations period. *Id.*

The administrative exhaustion requirement is "unambiguous." *McNeil v. United States*, 508 U.S. 106, 111 (1993). The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *Id.* at 113. The claim must be presented to the relevant Federal agency and be finally denied before a claimant can bring suit against the United States. *Lightfoot v. United States*, 564 F.3d 625, 626 (3d Cir. 2009) (citing 28 U.S.C. § 2675(a)). The final denial requirement is "jurisdictional and cannot be waived." *Id.* (citing *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

In a 1998 amendment to the FTCA, the Westfall Act, 28 U.S.C. §§ 2671 *et seq.*, Congress included a savings provision for claimants who had initially filed an FTCA claim in the wrong forum. The FTCA now provides that tort claims filed in state court against federal employees acting within the scope of their employment "shall be removed ... to the district court of the United States [where the claim is pending] ... and the United States shall be substituted as the party defendant." *Id.* (citing 28 U.S.C. § 2679(d)(2)). The amendment also includes a clause that saves from being barred by the statute of limitations certain timely claims filed in the wrong forum, such as in a state or a federal court, rather than with the appropriate administrative agency. *Id.* Pursuant to this savings clause, an errant plaintiff whose suit is removed to a district court, and then dismissed

6

because she failed to bring a timely required administrative claim, will be credited with the date that she filed her claim in the wrong forum for purposes of the FTCA's statute of limitations. *Id.* at 193–194. Such claims will be deemed timely filed under § 2401(b) if:

> (A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and
> (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.

28 U.S.C. § 2679(d)(5).

### c. **Plaintiff's Failure to File his Administrative Claim within 60 Days of Dismissal**

Plaintiff did not submit an administrative tort claim to the agency prior to filing his state court Complaint. (ECF No. 8 at 5). In response to the suit's removal to the federal district court, Defendant filed a Motion to Dismiss based upon Plaintiff's failure to exhaust his administrative remedies. (*Id.*, citing Ex. E.). Plaintiff voluntarily dismissed his lawsuit on July 10, 2013, and then submitted an administrative claim to the agency on November 14, 2013. (*Id.*, citing Exs. F and G). Plaintiff's administrative tort claim was not received by the VA Office of Regional Counsel until November 14, 2013, which was well beyond 60 days after dismissal of his action. (*Id.*, citing Ex. G). The Court finds that Plaintiff's claim is time-barred because he failed to file his claim within the 60-day time period. *See* 28 U.S.C. § 2679(d)(5).

The Court finds that Plaintiff's claim accrued shortly after his surgery on August 25, 2010, and at the very latest September 9, 2011. Plaintiff's initial Complaint alleged that his doctors had failed to recognize the marginal branch as opposed to the cervical branch

7

when excising the Wartin's tumor during the parotidectomy. (ECF No. 8 at 7, citing Ex. A, ¶¶ 8–10). Thus, Plaintiff knew the basis for his cause of action on or about September 9, 2011. His claim is outside the two-year limitations period for either of these dates, and his claim shall therefore be dismissed. *See* 28 U.S.C. § 2401 and 28 U.S.C. § 2675(a).

Plaintiff asserts that he received a report on August 29, 2013, which made him aware of a different theory of liability against Defendants. (ECF No. 10 at 2). He asserts that the specific existence and medical significance of malpractice was not brought to Plaintiff or Plaintiff's attorneys' attention until being provided with a report by Sharon Smith, RN. (*Id.*). Defendant counters that Plaintiff's counsel requested the VAMC to provide him with Plaintiff's medical records on July 11, 2011. (ECF No. 8 at 8, citing Ex. B). The VAMC then forwarded Plaintiff's medical records to Plaintiff's counsel on July 13, 2011. (*Id.*, citing Ex. C). The medical record included the Operative Report which specifically noted the needle miscount. (*Id.*, citing Ex. D, p. 5).

The Court finds that Plaintiff had knowledge of the potential alternative causes of his injury when he received the medical records on July 13, 2011. A Plaintiff may seek to invoke the discovery rule, which provides that a statute of limitations begins to run where the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and its cause. *Knopick v. Connelly*, 639 F.3d 600, 607 (3d Cir. 2011). The "discovery rule" will not aid Plaintiff here because the factual basis for the cause of action was not "inherently unknowable" as of July 2011. *See Gonzalez v. United States*, 284 F.3d 281, 288–89 (1st Cir. 2002). Plaintiff was provided with medical records in July 2011 that alerted him to

an alternative cause for his injury. Thus, the statute of limitations began to run in July 2011 and Plaintiff cannot avail himself of the discovery rule here.

Plaintiff's claim is time-barred because he waited more than two years to file his administrative tort claim with the appropriate Federal agency. This Court therefore does not have jurisdiction over the instant action.

V. **Conclusion**

For the foregoing reasons, the Court finds that Defendant's motion to dismiss shall be granted with prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK E. CRISSINGER, | ) | |
| | ) | CIVIL ACTION NO. 3:14-236 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

AND NOW, this 26th day of August 2015, upon consideration of Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 7), it is **HEREBY ORDERED** that Defendant's Motion is **GRANTED** with prejudice. The Clerk of Court shall mark this case as closed.

BY THE COURT:

Kim R. Gibson

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE